```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
              FORT MYERS DIVISION
```

JAMES M. GERLACH, JANINA M. GERLACH,

        Plaintiffs,

vs.                            Case No.  2:12-cv-322-FtM-29DNF

THE CINCINNATI INSURANCE COMPANY,

        Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Claims for Punitive Damages and Mental Anguish, Duress, and Inconvenience (Doc. #10) filed on July 23, 2012. Plaintiffs' filed a Response (Doc. #14) on August 13, 2012.

**I.**

Plaintiffs, James and Janina Gerlach (collectively, plaintiffs), allege that they purchased an insurance policy covering their home, effective from May 15, 2005, through May 15, 2006, from The Cincinnati Insurance Company (defendant). (Doc. #1, ¶ 7.)  In October 2005, the property covered by the policy was damaged by the accidental discharge of water from a toilet and the impact of Hurricane Wilma.  (Id. at ¶¶ 8-9.)  As a result of the damage, plaintiffs sought relief under their insurance policy. (Id. at ¶ 10.)

Nearly a year after the damage was incurred, defendant had not made any claim payments, ordered estimates for the scope and cost of repair, obtained estimates for the damages to personal property,

or reimbursed plaintiffs for costs expended as a result of the damage. (Id. at 12.) Because of defendant's inaction, plaintiffs filed a Civil Remedy Notice (CRN) with the Florida Department of Financial Services. (Id. at 13.) During the sixty day remedy period provided by Fla. Stat. § 624.155(3)(a), defendant paid $50,000 for mold damage and $15,000 "to apply generally to the claim settlement in this matter," but failed to take additional action. (Doc. #1, ¶ 13.) Plaintiffs' claims were eventually submitted to an appraisal panel, which determined that the damages amounted to $817,437.50. (Id. at ¶¶ 15-16.) Following the appraisal, defendant tendered checks up to the applicable policy limits. (Id. at ¶ 17.)

Plaintiffs filed this action on June 14, 2012, seeking both compensatory and punitive damages pursuant to Fla. Stat. § 624.155.[1] (Doc. #1, ¶ 25.) Defendant asserts that plaintiffs' request for punitive damages should be dismissed with leave to amend because plaintiffs failed to provide sufficient factual support for a claim of punitive damages. (Doc. #10, p. 5.)

---

[1]Among their request for compensatory damages, plaintiffs seek compensation for mental anguish, duress, and inconvenience. (Doc. #1, ¶ 25.) Defendant contends that Florida law does not permit an award of damages for mental anguish, duress, and inconvenience in a bad faith case against a property insurer. (Doc. #10, p. 3.) Plaintiffs agree with defendant (Doc. #14, p. 3); therefore, plaintiffs' request for mental anguish, duress, and inconvenience will be dismissed with prejudice.

Plaintiffs contend that the allegations are sufficient. (Doc. #14, p. 3.)

**II.**

In deciding a Rule 12(b)(6) motion to dismiss, the court limits its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). To survive a motion to dismiss, a pleading must first comply with Fed. R. Civ. P. 8(a)(2) by including a "short and plain statement showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Mere naked assertions are also not sufficient. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 555). A claim is plausible when the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. The Court, however, is not bound to accept as true a legal conclusion couched as a "factual allegation" in the complaint. Id.; Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1036, n.16 (11th Cir. 2001).

Therefore, "only a claim that states a plausible claim for relief survives a motion to dismiss."  Id.

### III.

In cases where the Court exercises diversity jurisdiction, a federal procedural rule governs over conflicting state law.  Cohen v. Office Depot, Inc., 184 F.3d 1292, 1298 (11th Cir. 1999), *vacated in part on other grounds,* 204 F.3d 1069, 1076–77, 1083 (11th Cir. 2000).  The Eleventh Circuit has held that the portion of Fla. Stat. § 768.72 prohibiting pleading punitive damages in the initial complaint conflicts with Federal Rule of Civil Procedure 8(a)(3) and therefore does not apply.[2]  Id.  However, the court also determined the substantive pleading standard of Section 768.72 (requiring a "reasonable showing" that demonstrates "a reasonable basis for recovery of such damages") does not conflict with Fed. R. Civ. P. 8(a)(2) (permitting a "short and plain statement of the claim") because a prayer for punitive damages is not a "claim" within the meaning of that Rule.  Id. at 1297; see also Hogan v. Provident Life & Accident Ins. Co., No. 6:08-cv-1897-Orl-19KRS, 2009 WL 2169850, at *5 (M.D. Fla. July 20, 2009).  Thus, the substantive pleading requirements for punitive damages in Fla. Stat. § 768.72 remain intact even when read in conjunction with

---

[2]Under Florida law, the procedural aspect of Fla. Stat. § 768.72 applies to a claim for punitive damages under Fla. Stat. § 624.155.  State Capital Ins. Co. v. Mattey, 689 So. 2d 1295, 1297 (Fla. 3d DCA 1997).

Fed. R. Civ. P. 8(a)(2).  Porter v. Ogden, Newell, & Welch, 241 F.3d 1334, 1340-41 (11th Cir. 2001) ("Under Florida law, merely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages. Instead, a plaintiff must plead specific acts committed by a defendant.") (internal citations omitted).  The standard articulated in Porter is consistent with the Twombly-Iqbal pleading standard, in that they both call for more than legal conclusions in the pleadings.  See Cruz v. Mylan, Inc., No. 8:09-CV-1106-T17-EAJ, 2010 WL 598688, at *4 (M.D. Fla. Feb. 17, 2010); Hogan, 2009 WL 2169850, at *5.

Under Florida law, any person may bring a civil action against an insurer when the insurer violates certain statutory provisions identified in Fla. Stat. § 624.155(1)(a) or commits certain acts enumerated in Fla. Stat. § 624.155(1)(b).  In order to obtain an award for punitive damages, the plaintiff must prove that "the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are: (a) Willful, wanton, and malicious; (b) In reckless disregard for the rights of any insured; or (c) In reckless disregard for the rights of a beneficiary under a life insurance contract."  Fla. Stat. § 624.155(5).

Although the Complaint fails to identify the specific provision(s) of Fla. Stat. § 624.155(1) violated by defendant, it

appears, in light of the allegations contained in the CRN,[3] that plaintiffs are asserting a claim of bad faith in violation of § 624.155(1)(b)(1) and/or (3). The focal point of a bad faith case is that the insurer puts its own interest ahead of the interests of its insured. Maldonado v. First Liberty Ins. Corp., 546 F. Supp. 2d 1347, 1353 (S.D. Fla. 2008). A claim for bad faith may be supported with evidence of unfair claims settlement practices in violation of Fla. Stat. § 626.9541(1)(i). Nowak v. Lexington Ins. Co., 464 F. Supp. 2d 1248, 1252 (S.D. Fla. 2006).

The factual allegations in the Complaint are sufficient to state a plausible bad faith claim against defendant; however, the allegations fail to support an inference that defendant's bad faith settlement practices constitute a general business practice. The relevant allegations are found in Paragraphs 20-22 of the Complaint.

---

[3] Prior to filing a civil action, the insured must file a CRN identifying the specific provisions and language of the statute that has been violated. Fla. Stat. § 624.155(3)(b). Consequently, the insured is barred from asserting additional violations in a civil action. See Ardrey v. USAA Cas. Ins. Co., No. 8:12-cv-08-T-24MAP, 2012 WL 831620, at *2-4 (M.D. Fla. March 12, 2012) (dismissing plaintiff's claim for unfair claims settlement practices because the CRN failed to identify Fla. Stat. § 626.9541 as a statute that was violated); Nowak v. Lexington Ins. Co., 464 F. Supp. 2d 1248, 1252 (S.D. Fla. 2006) (dismissing plaintiff's unfair settlement practices claim because the CRN did not provide defendant with sufficient notice that the plaintiff was asserting such a claim). Because the CRN is attached to the Complaint, the Court may consider it in addressing defendant's Motion to Dismiss. La Grasta, 358 F.3d at 845. The CRN alleges violations of Fla. Stat. § 624.155(1)(b)(1) and (3); therefore, plaintiffs are limited to such claims. (Doc. #1, Exh. B.)

Plaintiffs' claim that defendant's actions "were performed with such frequency as to constitute a general business practice" is simply a conclusory allegation and formulaic recitation of the language contained in Fla. Stat. § 624.155(5). Furthermore, the allegations contained in Paragraph 20(a)-(c) largely parrot the language contained in Fla. Stat. § 626.9541(1)(i)(2)-(3).[4] Such legal conclusions, couched as factual allegations, are not entitled to the presumption of truth. Papasan v. Allain, 478 U.S. 265, 286 (1986). In the absence of factual support, the Court is unable to make the leap from a single incident of alleged misconduct to a general business practice. See Hogan, 2009 WL 2169850, at *7 (dismissing plaintiff's claim for punitive damages because the allegations in the complaint were conclusory and largely parroted the statutory language); 316, Inc. v. Maryland Cas. Co., 625 F. Supp. 2d 1179, 1182-84 (N.D. Fla. 2008) (holding that "the allegations about Defendant's business practices are untethered to any supporting factual allegations and are impermissibly speculative, rather than plausible."). Plaintiffs failed to provide sufficient allegations to state a plausible basis for punitive damages, but will be granted leave to amend their

---

[4]To successfully allege a violation of Fla. Stat. § 626.9541(1)(i)(2), plaintiffs must comply with the heightened pleading standard of Fed. R. Civ. P. 9(b). Hogan v. Provident Life & Accident Ins. Co., 665 F. Supp. 2d 1273, 1282 (M.D. Fla. 2009).

Complaint.[5]

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Claims for Punitive Damages and Mental Anguish, Duress, and Inconvenience (Doc. #10) is **GRANTED** as follows:

(a) Plaintiffs' request for mental anguish, duress, and inconvenience damages is **DISMISSED WITH PREJUDICE.**

(b) Plaintiffs' request for punitive damages is **DISMISSED WITHOUT PREJUDICE.**

2. Plaintiffs may file an Amended Complaint within **TWENTY-ONE (21) DAYS** from the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of November, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

---

[5] Plaintiffs should also take this opportunity to consider Fed. R. Civ. P. 10. Rule 10 requires a plaintiff to state each claim founded upon a separate transaction or occurrence in a separate count whenever a separation facilitates the clear presentation of the matters set forth.